995 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles M. HEBESTREIT, Plaintiff-Appellant,
v.
Robert BROWN, Jr., et al., Defendants-Appellees.
 No. 92-1798.
 United States Court of Appeals, Sixth Circuit.
 June 10, 1993.
 
 1
 Before: JONES and NELSON, Circuit Judges, and FRIEDMAN, District Judge.[1]
 
 ORDER
 
 2
 This pro se Michigan prisoner appeals a district court order dismissing his complaint filed under 42 U.S.C. § 1983 as frivolous under 28 U.S.C. § 1915(d). The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Seeking compensatory and punitive damages, Charles M. Hebestreit alleged that defendants destroyed certain items of his personal property without providing him a hearing. He further maintained that his concern over the lost property resulted in cruel and unusual punishment in violation of the Eighth Amendment. Hebestreit also complained that the denial of his request for a transfer, for the purpose of gaining easier access to law library materials, restricted his First Amendment right of access to the courts.
 
 
 4
 The matter was referred to a magistrate judge who determined that the alleged loss of personal property without a hearing was the result of a random and unauthorized act for which Hebestreit failed to state a procedural due process claim under § 1983, absent a showing of inadequate state remedies. The magistrate judge further determined that the claims of cruel and unusual punishment and of a denial of access to the courts were without merit. The magistrate judge recommended that the complaint be dismissed as frivolous under 28 U.S.C. § 1915(d). The district court accepted the magistrate judge's recommendation over Hebestreit's objections. The complaint was dismissed.
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion by dismissing as frivolous Hebestreit's Eighth and First Amendment claims. See Denton v. Hernadez, 112 S.Ct. 1728, 1734 (1992). These claims are frivolous because they lack an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Additionally, the district court did not abuse its discretion by dismissing Hebestreit's claim that defendants acted pursuant to improperly promulgated administrative procedures when they disposed of his property. This claim also lacks an arguable basis in law. See Walker v. Mintzes, 771 F.2d 920, 933 (6th Cir.1985).
 
 
 6
 The district court did not abuse its discretion, finally, in dismissing the due process claim as frivolous. State regulations mandate an administrative hearing to determine if a prisoner's property is contraband. See PD-BCF-53.01. The state officials did not conduct such a hearing in this case, and therefore did not act according to established procedures. Because their actions were random and unauthorized, post-deprivation remedies need not be shown to have been inadequate. See Hudson v. Palmer, 468 U.S. 517, 531-33 (1984). Unlike the defendants in Zinermon v. Burch, 494 U.S. 113 (1990), who had broad discretionary powers to admit patients to a state mental hospital and who were sued by a patient who sought to "hold [them] accountable for their abuse of their broadly delegated, uncircumscribed power to effect the deprivation at issue," 494 U.S. at 136, the defendants in the instant case had no choice but to administer a predeprivation hearing. They simply failed to do so. Their action was thus unauthorized under Hudson.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 The Honorable Bernard A. Friedman, U.S. District Judge for the Eastern District of Michigan, sitting by designation